CHARBONNETT v. ARBETTER et al.
(No. 5734.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1916. Rehearing Denied Dec. 13, 1916.)

BILLS AND NOTES ⬲520, 525—ACTION—EVIDENCE—TRANSFER—FRAUD.

Evidence, in an action on a note executed by two of the defendants, payable to a third, held to show that the note was obtained by fraudulent representations and was fraudulently transferred to plaintiff after its maturity, so as to sustain a judgment in favor of the maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1813, 1832–1839; Dec. Dig. ⬲520, 525.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Suit by J. A. Charbonnett against Theresa Arbetter, M. Scharlack, and Henry Jacobs. Judgment for plaintiff against defendant Jacobs only, and plaintiff appeals. Affirmed.

McCollum Burnett, of San Antonio, for appellant. Guy Cater, Chambers & Watson, and Schlesinger & Schlesinger, all of San Antonio, for appellees.

FLY, C. J. This is a suit instituted by appellant against Theresa Arbetter, M. Scharlack, and Henry Jacobs, on a promissory note for $400, executed by Theresa Arbetter and M. Scharlack, payable to Henry Jacobs, and sold by said Jacobs to appellant. Mrs. Arbetter pleaded a failure of consideration and fraud upon the part of Jacobs in obtaining the note, and alleged that appellant was not the owner of the note, and that the transfer to him was made illegally and without consideration. Her answer was adopted by Scharlack. The court rendered a judgment in favor of appellant for the amount of the note, interest, and attorney's fees as against Jacobs, but rendered judgment that, as to Theresa Arbetter and M. Scharlack, appellant take nothing, and that they recover their costs. This appeal is perfected by Charbonnett alone.

The sole ground upon which this appeal is prosecuted is the insufficiency of the evidence to support the judgment in favor of Mrs. Arbetter and Scharlack. Mrs. Arbetter brought a suit for the cancellation of the note, and applied for an injunction to prevent Jacobs from selling the note. That cause was afterwards dismissed. This would seem to offer an incentive for the transfer of the note, and Jacobs and appellant swore that the transfer was made on May 5, 1914, before the maturity of the note, for a valuable consideration and without notice. It was shown, however, that the note was transferred to one B. A. Laurie, who was exercising ownership and control over it as late as August 1, 1914, after maturity of the note. Appellant testified that the note was indorsed to him by Jacobs, but the only indorsement written on the note was made by Laurie. The evidence showed that the note, in compliance with the orders of Laurie, was delivered to A. E. Story on August 7, 1914, although appellant testified that the note had never been out of his possession until placed in the hands of his attorney for suit. The note was presented to Scharlack for payment on July 28, 1916, by the West Texas Bank & Trust Company, and at that time the indorsement made by Laurie to appellant was not on the note. On June 1, 1914, nearly a month after the pretended transfer to appellant, Jacobs swore that he had transferred the note on May 2d to Laurie. There was evidence which tended to show that appellant had nothing, and had pawned a pistol to raise money about the time he claims to have bought the note. Jacobs swore that he sold the note to Laurie on May 2d, but took it back before May 5, and yet the note was under control of Laurie on August 1st. The evidence was ample to

show that there was no real transfer of the note to appellant, and that the transfer by Laurie was made after the maturity of the note. The note was procured by fraud from Mrs. Arbetter, and was without consideration.

The cross-assignments of Jacobs are based on the assumption that the note was a valid one, and was lawfully transferred to appellant. Jacobs had no claim for a judgment against Mrs. Arbetter and Scharlack under the facts. He raised no objection to the judgment against him in favor of appellant. The testimony is convincing that the note was obtained by fraudulent representations, and that it was fraudulently transferred to appellant after its maturity.

The judgment is affirmed.